Mr. Roy L. Richter Prosecuting Attorney Montgomery County County Courthouse Montgomery City, Missouri 63661
Dear Mr. Richter:
This is in response to your request for an official opinion on the following question:
 "Whether any statutory authority or case law exists which allows a Prosecuting Attorney to carry a concealable weapon concealed upon his person in his county when engaged in the discharge of the duties imposed upon him by law."
To answer this question, it is first necessary to examine Section 564.610, RSMo 1969, which not only creates the offense of carrying concealed weapons but also establishes certain exemptions therefor. The exemptions provided for by this section are as follows:
 ". . . but nothing contained in this section shall apply to legally qualified sheriffs, police officers and other persons whose bona fide duty is to execute process, civil or criminal, make arrests, or aid in conserving the public peace, nor to persons traveling in a continuous journey peaceable through this state."
We know of no statutory provision which makes it the duty of the prosecuting attorney to execute process or to make arrests. By way of comparison, probation and parole officers are granted arrest powers and are, therefore, exempt from the provisions of Section 564.610. See Opinion No. 288, Kunderer, 6/28/66.
The question then becomes are prosecuting attorneys conservators of the peace. Many officials are declared by statute to be conservators of the peace. Opinion No. 99, Woodfill, 5/24/56, enumerates certain of these. However, this opinion does not mention prosecuting attorneys, and we are not aware of any statutory provision or case law which would declare prosecuting attorneys to be conservators of the peace.
You mention in your opinion request that prosecuting attorneys, particularly in smaller counties, sometimes do their own investigation and as a result face hazardous situations. Considerations of personal safety, however, would not justify the carrying of a concealed weapon even for a conservator of the peace. State v. Davis, 225 S.W. 707 (Mo. 1920), indicates that a justice of the peace could carry a gun as a conserver of the peace. However, the opinion also indicates that he could not carry a gun simply because his life had been threatened. It must be kept in mind that we are dealing with considerations of what constitutes a prosecuting attorney's "bona fide duty." Thus, in a situation in which a prosecuting attorney's personal safety is not threatened, is it his duty to subdue one who is breaking the peace? We believe that it is not.
CONCLUSION
It is the opinion of this office that prosecuting attorneys are not conservators of the peace and are, therefore, not exempt from the provisions of Section 564.610, RSMo 1969, relating to carrying of concealed weapons.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Robert Presson.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 288, 6/28/66, Kunderer Op. No. 99, 5/24/56, Woodfill